IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EB RE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SHIRLEY ANN EBANKS, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO: 1:21-CV-01181-JPB <br><br><br> DEMAND FOR JURY TRIAL |

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
NOV 08 2021
KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

### DEFENDANT'S DEFENSES, ANSWERS AND COUNTERCLAIMS

COMES NOW DEFENDANT, *SHIRLEY ANN EBANKS*, (hereinafter "Defendant") pro se files her *DEFENSES, ANSWERS AND COUNTERCLAIMS* and respectfully show this honorable court as follows:

### FIRST DEFENSE

Defendant asserts the following defenses;

(1) Lack of jurisdiction over the subject matter;

(2) Lack of jurisdiction over the person;

(3) Improper venue;

(4) Insufficiency of process;

(5) Insufficiency of service of process;

(6) Failure to state a claim upon which relief can be granted;

### SECOND DEFENSE

Plaintiff's Complaint is barred by the doctrine of estoppel.

### THIRD DEFENSE

1 | Page

Plaintiff's Complaint and each cause of action therein are barred by the doctrine of waiver.

## FOURTH DEFENSE

Plaintiff's Complaint and each cause of action therein is barred by the Statute of Limitations.

## FIFTH DEFENSE

Plaintiff's claims are barred because no act or omission by Defendant alleged in the Complaint caused Plaintiff any loss or damage.

## SIXTH DEFENSE

Plaintiff has not sustained any compensable damages.

## SEVENTH DEFENSE

Plaintiff's claims against Defendant fail for lack of causation.

## EIGHTH DEFENSE

Plaintiff's Complaint and each cause of action therein are barred by the doctrine of laches.

## NINTH DEFENSE

Defendant reserve her right to amend, assert or delete any affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

## ANSWER TO PETITION

Subject to and without waiving any of its other rights, defenses or objections, Defendant responds to the specific averments and allegations contained in the individual and enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant admits the averments made by Plaintiff in paragraphs 2, 5, and 10.

2.

Defendant denies the averments made by Plaintiff in paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, and 33.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 3, 4, 6, 7, 8, 9, 11, 12, 13, and 14.

4.

The responses in previous paragraphs are incorporated by reference in paragraphs 15 and 27.

# DEFENDANT'S COUNTERCLAIMS

## FIRST CLAIM FOR RELIEF
(TRESPASS)[1]

1.

Plaintiff had the duty not to interfere with the Defendant's health, reputation, or property.

2.

Plaintiff, intentionally and consciously, interfered with the Defendant's right to the exclusive use and benefit of the subject property, thereby breaching the aforementioned duty. This breach occurred when the Plaintiff intentionally interfered with the Defendant's right of possession and quiet

---

[1] Any unlawful interference with, or intrusion on the property rights of another, is a trespass. The Official Code of Georgia defines "trespass" as "any misfeasance, transgression, or offense which damages another's health, reputation, or property. O.C.G.A. § 1–3–3(20). Accord, Cox v. Strickland, 120 Ga. 104, 47 S.E. 912 (1904); Evans v. Cannon, 34 Ga. App. 467, 470–71, 130 S.E. 76 (1925); King v. Citizens Bank of De Kalb, 88 Ga. App. 40, 76 S.E.2d 86 (1953).

enjoyment by wrongfully and unlawfully filing a civil action alleging interest in the Defendant's property when no such interest exists.

3.

Plaintiff's intentional and conscious interference with the Defendant's right to the exclusive use and benefit of the subject property is the direct and proximate cause of Defendant's *mental damages* and *pecuniary loss*.

4.

Additionally, Defendant is entitled to punitive damages as the Plaintiff's conduct was willful. Plaintiff's willful misconduct in the commission of the trespass is established by the evidence that the trespass was committed on property which the Plaintiff knew belonged to someone else.

5.

Defendant is also entitled to an award of attorney fees pursuant to O.C.G.A. § 13-6-11 which allows recovery of attorney fees "where a party has acted in bad faith, has been stubbornly litigious, or has caused the other party unnecessary trouble and expense. Every intentional tort invokes a species of bad faith and entitles a person so wronged to recover the expenses of litigation including attorney fees.

## **SECOND CLAIM FOR RELIEF**
(GEORGIA RICO)[2]

---

[2] The Georgia RICO Act prohibits "any person" from engaging in certain specified activities. It also permits any person injured by reason of a party engaging in a prohibited activity to bring a civil damages action. A pattern requires at least two interrelated predicate offenses. O.C.G.A § 16-14-3(8). Under the Georgia RICO Act, it is unlawful for any person, through a pattern of racketeering activity to acquire or maintain, directly or indirectly, any interest in or control of real property, or personal property of any nature, including money. Simply stated, a RICO violation, O.C.G.A §16-14-4, and any consequent recovery through O.C.G.A §16-14-6(c), requires that the party show an injury by a pattern of racketeering activity.

6.

Plaintiff committed the following predicate offenses, violative of the Georgia RICO Act; Theft in violation of O.C.G.A. §§ 16-8-2 through 16-8-4 by unlawfully appropriating property with the intention of depriving the rightful owner of said property; violation of O.C.G.A. § 16-8-102 by filing with the official registrar of deeds of this county a document that the Plaintiff knew contained a deliberate misstatement, misrepresentation, and omissions; violation of 18 U.S.C. §1341 (mail fraud) by committing acts which are indictable under same; by filing false affidavits and deeds in the jurisdiction of state government or of the government of any county, city, or other political subdivision of this state.

7.

Plaintiff committed theft by deception by attempting to obtain real property by deceitful means with the intention of depriving the rightful owner, of said property. The Plaintiff engaged in deceit when they intentionally created and failed to correct the false impression that they had the legal right to foreclose (O.C.G.A. § 16-8-3(b)(1) & (2)) and when they intentionally created and failed to correct the false impression that Plaintiff was the owner of subject property with the legal right to possession (O.C.G.A. § 16-8-3(b)(1) & (2)).

8.

Plaintiff being a fiduciary in breach of their fiduciary obligation unlawfully appropriated the real property and the proceeds of its sale. Breach of a fiduciary obligation is clearly theft by taking.

9.

Plaintiff violated O.C.G.A. § 16-8-102 when they filed an instrument with the official registrar of deeds of this county containing the deliberate misstatements that Plaintiff had been conveyed

interest in Defendant's property.

10.

Plaintiff, on several occasions, utilized both mails and wires in furtherance of their scheme to fraudulently obtain both money and property.

11.

Plaintiff violated O.C.G.A. § 16-10-20 when they made and filed an instrument with the official registrar of deeds of this county containing the false statements that Plaintiff acquired an interest in the Defendant's property. Additionally, Plaintiff violated O.C.G.A. § 16-10-20 when they made and filed the false affidavit with the registrar of deeds, and used the false affidavit to allege interest in Defendant's property.

12.

Plaintiff's aforementioned criminal acts are the direct cause of Defendant's injury in business and property.

13.

By reason of the Plaintiff's violation of Ga. Code Ann., § 16-14-4, Defendant is entitled, pursuant to Ga. Code Ann., § 16-14-6, to threefold the damages sustained, punitive damages, and reasonable attorney's fees in connection herewith. The conduct proscribed under RICO shows "an interrelated pattern of criminal activity motivated by or effect of which is [to derive] pecuniary gain." O.C.G.A. § 16-14-2(b). Herein, the facts demonstrated a pattern of racketeering activity which amounted to intentional theft by deception and fraud. Accordingly, it is applicable to triple the amount of punitive damages awarded to Defendant. Additionally, the finding of specific "intent to cause harm" pursuant to O.C.G.A. § 51-12-5.1(f) is inherent in the essential elements of such an intentional fraud.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for the following relief:

A.  All claims against Defendant be dismissed with prejudice;

B.  As to Counterclaim Count I, compensatory and punitive damages in an amount to be determined at time of trial, attorney's fees and costs;

C.  As to Counterclaim Count II, general and exemplary damages sustained by Defendant to be determined at time of trial, three times actual damages, and reasonable attorneys' fees and expenses of litigation;

D.  A trial by jury and such other and further relief as the court may deem just and equitable;

E.  That Defendant have such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Defendant makes her demand for a trial by jury on any and all issues triable by a jury. The law in Georgia regarding the right to trial by jury is clear. In civil actions, the right to trial by jury exists only where the right existed prior to the adoption of the first Georgia Constitution. The 1983 Georgia Constitution and O.C.G.A. § 9-11-38 assures that this right shall remain inviolate.

Respectfully submitted this 8th day of November 2021.

/s/ Shirley Ann Ebanks
Shirley Ann Ebanks
Defendant, Pro Se
129 Geyser Place
Stockbridge, GA 30281

## CERTIFICATE OF SERVICE

I hereby certify that I have served Plaintiff, through their counsel, with a true and correct copy of the foregoing *DEFENDANT'S DEFENSES, ANSWERS AND COUNTERCLAIMS* by depositing the same in the United States Postal Service with adequate postage thereon to the following addresses and/or via Statutory Electronic Service:

> Greg Taube, Esq.
> Nelson Mullins Riley & Scarborough, LLP
> 201 17th Street NW, Suite 1700
> Atlanta, GA 30363
> greg.taube@nelsonmullins.com

Respectfully submitted this 8th day of November 2021.

/s/ *Shirley Ann Ebanks*
Shirley Ann Ebanks
Defendant, Pro Se
129 Geyser Place
Stockbridge, GA 30281