IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EB RE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| SHIRLEY ANN EBANKS, | ) | NO.  1:21-cv-01181-JPB |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

Plaintiff EB RE, LLC ("EB RE") files this Memorandum in support of its Motion to Dismiss Counterclaims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and shows the Court the following:

## I.      INTRODUCTION

EB RE filed this lawsuit seeking to recover debts owed on two promissory notes, which are attached to the Complaint. Defendant Shirley Ann Ebanks ("Ebanks") responded by filing an Answer that includes counterclaims for trespass and "Georgia RICO." [Doc. 11 at pp. 3-6.] Ebanks failed to plead sufficient facts to show that she has any plausible counterclaim. Instead, Ebanks makes only conclusory allegations that amount to nothing more than a threadbare recital of the

elements of the causes of action that she references. Consequently, Ebanks' counterclaims must be dismissed.

## II.    STATEMENT OF ALLEGED FACTS

On or about November 2, 2004, Ebanks executed an Installment Note in the original principal amount of $160,000.00 with a maturity date of November 2, 2019, payable to SouthTrust Bank ("Note I"). [Doc. 1 at p. 3; [Doc. 11 at p. 3.] Also on or about November 2, 2004, Ebanks executed a Promissory Note in the original principal amount of $40,000.00 with a maturity date of November 1, 2005, payable to SouthTrust Bank, which was renewed pursuant to Promissory Note, dated November 8, 2006, in the amount of $39,966.77 with a maturity date of November 8, 2016 ("Note II"). [Doc. 1 at p. 3; [Doc. 11 at p. 3.]

EB RE filed this lawsuit on March 23, 2021, alleging that Note I and Note II have been assigned to EB RE and seeking to collect the outstanding indebtedness owed under Note I and Note II. [Doc. 1 at pp. 8-9.]

Ebanks filed an Answer on November 8, 2021, wherein she admits signing Note I and Note II and denies liability for the indebtedness that EB RE is seeking to recover in this lawsuit. [Doc. 11 at pp. 1-3.] Although the Answer includes a counterclaim for trespass, this counterclaim appears to be based entirely on the fact that EB RE filed this lawsuit. [Doc. 11. at pp. 3-4.] Ebanks' other counterclaim,

which is for "Georgia RICO," includes only vague references to alleged false and

deceptive statements and fraud. [Doc. 11 at pp. 6-6.] For example, Ebanks alleges

as follows:

> Plaintiff violated O.C.G.A. § 16-10-20 when they made and filed an
> instrument with the official registrar of deeds of this county containing
> the deliberate misstatements that Plaintiff acquired an interest in the
> Defendant's property. Additionally, Plaintiff violated O.C.G.A. § 16-
> 10-20 when they made and filed the false affidavit with the registrar of
> deeds, and used the false affidavit to allege interest in Defendant's
> property.

[Doc. 11 at p. 6.] Ebanks does not specifically identify any recorded instrument or

affidavit, by book and page number, or otherwise. [Doc. 11 at pp. 5-6.]

## III.   ARGUMENT AND CITATION OF AUTHORITIES

### A.   *Standard for Motion to Dismiss.*

To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim for relief that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. 678. "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

In reviewing a complaint for plausibility, the court "need not accept legal conclusions, nor must it accept as true legal conclusions couched as factual allegations." *Pledger v. Reliance Tr. Co.*, 240 F. Supp. 3d 1314, 1321 (N.D. Ga. 2017). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). "Accordingly, 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.'" *In re Laosebikan*, 2014 WL 4080279, at *2 (Bankr. N.D. Ga. June 9, 2014) (*quoting Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003)).

B.      *Ebanks fails to state a claim upon which relief can be granted for trespass.*

Although the alleged basis for Ebanks' trespass claim is not clear, Ebanks appears to be claiming that EB RE is somehow liable for trespass because it filed this lawsuit to recover under Note I and Note II. [Doc. 11 at pp. 3-4]. As such, this case is like cases in which other borrowers have alleged that their lenders were liable

4

for trespass because the lenders attempted to foreclose on property that secured the loans. In such cases, courts have recognized that merely attempting to foreclose does not result in liability for trespass.

For example, in *Davis v. Nat'l Consumer Servs. Corp., LLC,* this Court dismissed a borrower's trespass claim in the context of an attempted foreclosure because the borrower failed to allege that the defendant wrongfully entered his property or wrongfully attempted to evict him. *Davis v. Nat'l Consumer Servs. Corp., LLC* 2015 WL 11236558 (N.D. Ga. Feb. 19, 2015), *report and recommendation adopted,* 2015 WL 11257483 (N.D. Ga. March 9, 2015). In support of its conclusion in *Davis*, this Court cited Georgia law defining a trespasser as "one who, though peacefully or by mistake, wrongfully enters upon property owned or occupied by another." *Id.* at \*7 (citing *Tacon v. Equity One, Inc.,* 280 Ga. App. 183, 185-86, 633 S.E.2d 599, 601 (2006) and also citing O.C.G.A. § 51-9-1 ("The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie.")); *see also Wilson v. Nationstar Mortgage, LLC,* 2015 WL 11622466 \*5 (N.D. Ga. June 24, 2015), *report and recommendation adopted,* 2015 WL 2015 WL 11622466 (N.D. Ga. Sept. 2, 2015) (dismissing trespass claim).

Like the borrower in *Davis*, Ebanks has failed to allege that EB RE wrongfully entered upon property that she owned or occupied. Likewise, Ebanks' trespass claim must be dismissed.

   C.   *Ebanks fails to state a claim upon which relief can be granted for alleged racketeering activity.*

Ebanks "Georgia RICO" claim also is like the RICO claim that this Court dismissed in *Davis*. 2015 WL 11236558 *2. Like the borrow in *Davis*, Ebanks has attempted to assert a claim under Georgia law for alleged racketeering activity in connection with alleged false documents that she contends have been recorded in the official real estate records. [Doc. 11 at pp. 5-6]. Notably, Ebanks' allegations may be read as suggesting that they arise from a completed foreclosure sale, while Ebanks does not allege any facts to show there was a foreclosure sale, such as the date of an alleged sale, the alleged purchaser of the property or the book and page number of an alleged foreclosure deed. [Doc. 11 at pp. 5-6]. Instead of making allegations with particularity,[1] Ebanks makes only vague references to alleged false and deceptive statements and claims that false statements appear in unidentified instruments and affidavits that allegedly were recorded in the county's real estate records. [Doc. 11

---

[1] "The heightened pleading requirements of Rule 9(b) also apply to fraud-based state RICO claims brought in federal court." *Wilson,* 2015 WL 11622466 *5. This means pleading such a claim requires stating "the who, what, when, where, and how" of the alleged false statements or alleged fraudulent conduct. *Id.*

at pp. 5-6]. Thus, Ebanks' counterclaim fails to plead a plausible claim for "Georgia RICO."

In *Davis,* this Court noted as follows:

> Under O.C.G.A. § 16-14-4, it is "unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." Thus, in order to state a Georgia RICO claim, Plaintiffs must allege a pattern of racketeering activity. A pattern of racketeering activity is defined as "[e]ngaging in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents ...." Racketeering activity means "to commit, to attempt to commit, or to solicit, coerce, or intimidate another person to commit any crime which is chargeable by indictment" under certain categories of Georgia, federal, or other states' criminal laws.

*Davis,* 2015 WL 11236558 *7 (citations omitted).

And specifically with respect to claims arising in the context of attempted foreclosure, this Court in *Davis* recognized that "Georgia courts have held that when parties attempt to wrongfully foreclose upon the property of another, the various actions by those parties "concern[ ] only [ ] one extended transaction," for the purposes of RICO and not separate incidents that establish a pattern of racketeering activity. *Id.* (citing *Cobb v. Kennon Realty Servs., Inc.,* 191 Ga. App. 740, 741 (1989)); *see also Wilson,* 2015 WL 11622466 *5 (dismissing RICO claim).

As this Court in *Davis* dismissed the borrower's RICO claim because the borrower had not allege a pattern of racketeering activity under O.C.G.A. § 16-14-3(8)(A), this Court likewise must dismiss Ebanks' "Georgia RICO" claim in this case.

## IV.   CONCLUSION

For all of the foregoing reasons, EB RE respectfully requests that its Motion to Dismiss Counterclaims be granted and that Ebanks' counterclaims be dismissed.

This 22nd day of November, 2021.

s/ Gregory M. Taube
Gregory M. Taube
Georgia Bar No. 699166

Attorney for Plaintiff

NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
greg.taube@nelsonmullins.com

## **<u>CERTIFICATION OF COMPLIANCE AS TO FONT SIZE</u>**

Pursuant to the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1C.  The foregoing was prepared on computer using Times New Roman font (14 point).

Respectfully submitted this 22nd day of November, 2021.

<u>s/ Gregory M. Taube</u>
Gregory M. Taube
Georgia Bar No. 699166

Attorney for Plaintiff

NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
greg.taube@nelsonmullins.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing *BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS* with the Clerk of Court using CM/ECF system, which will automatically send email notification to any attorneys of record and by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

Shirley Ann Ebanks
129 Geyser Place
Stockbridge, GA 30281

This 22nd day of November, 2021.

s/ Gregory M. Taube
Gregory M. Taube
Georgia Bar No. 699166

Attorney for Plaintiff

NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, N.W., Suite 1700
Atlanta, GA 30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
greg.taube@nelsonmullins.com